Bentuey Nassau, J.
This is a summary proceeding for a final order of eviction, based upon nonpayment. The facts herein were presented to the court by way of a statement of agreed facts.
The facts presented show that a lease was entered into on August 1,1969 at $164.19 monthly rental for apartment premises subject to rent control. The lease contains a general rent esea *828 lator provision (par. 36) so that if any increase in rentals for “ additional, other, or improved services, equipment, or facilities ” he granted by any governmental authority, the rent shall be increased to the extent thereof.
Certain work to improve the plumbing and for bell and buzzer service, all affecting tenant’s apartment, had been completed prior to the date of the lease, and rental increases were approved by the Office of Rent Control of the New York City Housing and Development Administration for such work on October 21,1969, about two and one-half months after the execution of the lease.
Prior thereto, on January 31, 1969, the Office of Rent Control had issued an Administrator’s Interpretation No. 6, pertaining to this subject, which directed the manner in which an increase in these circumstances could be made effective immediately.
The issue is whether in the case at bar there has been compliance with Administrator’s Interpretation No. 6 so as to permit a rental increase, collectible as of the date of issuance.
It is the judgment of the court that there has been no compliance therewith.
The said Interpretation No. 6 resulted from an inquiry as to the proper procedure for a rental increase in a prospective lease with a new tenant when an improvement or increased services had been completed or was in progress but the application to the Office of Rent Control for an increase based thereon had not been filed or approved.
The interpretation, in essence, provides that, in such circumstances, the lease may recite (1) that at the time of the execution, tenant “was advised by landlord that a specified ” improvement was either completed or in progress; (2) that an application has been or will be filed for a rental increase; and (3) that tenant consents to such increase, when ordered, as additional rent. (Italics added.)
The last paragraph of the interpretation provides that unless such recitals are incorporated in the lease or the advice contemplated in the lease clause is stated in the lease report filed with the rent office, with an acknowledgment by tenant that such information was given to him by the landlord, the landlord may “ not be able to enforce collection of such rent increase until the expiration of the lease ”. If such procedure is not complied with, the maximum rent will be increased effective the date of the rent office order, but it is not collectible until the lease expiration. Therefore, such recitals must be contained in the lease or report of lease.
Accordingly, after carefully examining the written stipulation of facts, signed and submitted by the attorneys, and paragraph *829 36 of the lease covering future rent increases by way of a general escalation provision, it is clear that the procedure outlined in Administrator’s Interpretation No. 6 has not been followed, and therefore no rental increase for the two stated improvements, namely plumbing and bell and buzzer system, can be collected until the expiration of the present lease and, then, only prospectively.
Specifically, there has been no compliance with Interpretation No. 6 in these respects: (1) There is no recital in the lease or lease report that landlord advised tenant of a specified improvement, either completed or in progress; and (2) There is no recital in the lease that landlord has made application or will do so upon completion of such improvement.
The landlord contends that the words “ a lease may recite ” in paragraph 4 of such Interpretation No. 6 are not mandatory, but, rather, permissive. The court disagrees. Upon examining the entire document, it is clear that these words are intended to be mandatory, since it states in the third paragraph thereof that section 33.2 (subd. a, par. [3]) of the city’s Bent, Eviction and Behabilitation Begulations “ permits a statutory lease ” to provide for increased rental for this purpose, and the next paragraph continues by stating “ accordingly, a lease may recite ” and thereupon presents the essential elements to be contained therein. The word “may” simply gives the landlord the option, as he elects, to seek an immediate increase or not. It does not permit the landlord to have the option to employ or not employ these indispensable provisions in the lease or report of lease.
Accordingly, since the one paragraph in the lease rider (par. 36) submitted in the agreed facts does not refer either inferentially or directly to a “specified” improvement or increased services and does not refer to the fact that landlord has or will make an application for rental increase therefor, the necessary ingredients delineated by Administrator’s Interpretation No. 6 are lacking.
Judgment for tenant-respondent.